UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

|  |  |
|---|---|
| RICHARD W. ST. HILAIRE, SR.<br><br>Plaintiff<br><br>v.<br><br>INDUSTRIAL ROOFING CORPORATION, *et al*.<br><br>Defendants | Civil No. 04-141-P-C |

Gene Carter, Senior District Judge

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES[1]**

Now before the Court is Plaintiff Richard St. Hilaire, Sr.'s Motion for Attorneys' Fees (Docket Item No. 53). Plaintiff seeks an award of $50,626.96 for attorneys' fees and $6,194.58 for costs alleged to have been incurred through the course of this litigation. Defendants oppose the motion, arguing that although Plaintiff is entitled to an award of his reasonable attorneys' fees, the amount requested by Plaintiff is unreasonable. For the foregoing reasons, Plaintiff's motion will be granted in part and denied in part.

**I.     Background**

This case stems from an agreement to provide compensation to Plaintiff following his sale of Defendant Industrial Roofing Corporation (hereinafter "IRC"). The agreement

---

[1] Plaintiff's motion requests costs in addition to attorneys' fees. Although Plaintiff has also filed a Bill of Costs (Docket Item No. 55), this Order encompasses the Court's ruling as to both attorneys' fees and costs.

obligated IRC to make monthly payments of $10,000 to Plaintiff, which the agreement termed "deferred compensation." The individual Defendants are Plaintiff's sons and the purchasers of IRC. Each personally guaranteed up to one-third of the monies owed under the agreement. Although Plaintiff's third son was also a purchaser of IRC and a guarantor of the debt, he apparently is no longer involved in the business. The agreement provided that "in the event of default, the party not in default shall be entitled to reimbursement of reasonable attorneys fees and expenses for the enforcement of rights arising out of this agreement." Guaranty Agreement, attached as Exhibit 2 to Plaintiff's Complaint (Docket Item No. 1).

In January 2002, Plaintiff filed a complaint alleging that IRC had been in default on its payment obligations since November of 1999. The suit included claims against Plaintiff's three sons based upon their guarantee agreements. The parties quickly negotiated a settlement and Judgment was entered in favor of Plaintiff on February 27, 2002. That judgment has apparently been satisfied.

Plaintiff brought the instant suit against Defendants alleging that the company failed to make numerous payments throughout 2002 and 2003. Counts I through IV of the complaint alleged breach of contract arising from the agreement with IRC (Count I) and the three guaranty agreements (Counts II through IV). Count V alleged that IRC violated 26 M.R.S.A. § 626 by failing to pay wages within a reasonable time after Plaintiff demanded payment. These claims are identical to the claims raised in the 2002 case.

Unlike the 2002 case, resolution of this matter was somewhat delayed. Defendants moved to dismiss arguing that the agreement created an "unfunded top hat

plan" and that the state law claims raised in the Complaint were all preempted by the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"). Plaintiff opposed the motion to dismiss by arguing that ERISA did not apply because there was no "plan" within the meaning of the act. Plaintiff also amended his Complaint to add an ERISA claim against IRC. Although Defendants' moved to dismiss the Amended Complaint, their motion did not argue for dismissal of the ERISA claim.

The Court denied Defendants' Motion to Dismiss. (Docket Item No. 32). After a hearing, the Court also granted in part Plaintiff's Motion for Attachment and Trustee Process against Defendants. On June 7, 2005, the parties reported that they had reached a settlement and the Court ordered a Consent Judgment on June 24, 2005. The Consent Judgment awarded Plaintiff $233,321.13, designated by the parties as consisting of $215,000 in arrearages, $8,000 in "other consideration," and pre- and post-judgment interest. The Consent Judgment also provided that "Plaintiff's claim for attorney's [sic] fees as the prevailing party pursuant to the agreement dated April 19, 1996, will be submitted to the court for resolution under Local Rule 54.2."

## II.     Discussion

As the parties are in agreement that Plaintiff is entitled to an award of attorneys' fees, the only question before this Court is the determination of the amount to which Plaintiff is entitled. The parties' agreement provides that such fees must be reasonable. "This Court's role 'as the guarantor of fairness obligates it not to accept uncritically what lawyers self-servingly suggest is reasonable compensation for their services.'" *Fleet Bank of Maine v. Steeves*, 793 F. Supp. 18, 20 (D. Me. 1992) (quoting *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 525 (1st Cir. 1991)).

To demonstrate the fees to which he is entitled, Plaintiff has submitted a detailed billing statement identifying the work performed, the time spent, and by whom it was done. Additionally, Plaintiff has submitted two "Declarations" made by Attorney Peter Black describing the work that was performed. While Defendants' do not dispute the hourly fee charged by Plaintiff's attorneys, they do challenge whether the litigation required the time and labor that Plaintiff's counsel allege to have expended. Accordingly, the Court will examine each component of work performed by Plaintiff's counsel to determine if the fee requested reasonably reflects the time and labor required by attorneys of similar skill and experience. Plaintiff has divided his fee request into seven categories: case preparation; Motion to Dismiss; general litigation; Motion for Summary Judgment; discovery; settlement negotiations; and fee application.

**1. Case Preparation**

Plaintiff seeks reimbursement for 17.1 hours of work for "Case Preparation," amounting to a fee of $3,420.50. Defendants contend that some of the work performed is not properly attributed to this action, and should, therefore, be disallowed. The first item challenged by Defendants is a charge for two telephone conversations between Attorney James Goggin and Plaintiff occurring in August 2003. Defendants assert that these calls are not properly attributable to this action because they occurred eleven months before this suit was commenced. Plaintiff's Complaint, however, alleges that Defendants were in default as of August 2003 and that Plaintiff provided them written notice. Based upon this record, the Court concludes that there is a sufficient basis to award Plaintiff fees for this work, and further concludes that the fee is reasonable. Accordingly, the Court will award Plaintiff the $168 billed for this work.

Similarly, Defendants challenge Plaintiff's request for fees arising out of his voluntary dismissal of Jeffrey St. Hilaire. Plaintiff argues that the fees incurred pursuing the dismissal are appropriate because they were unaware at the time of filing that Jeffrey St. Hilaire was no longer involved in the business. While the Court fails to see the significance of the original Defendant's employment status, Plaintiff's explanation suffers from a more fatal flaw. On May 25, 2004, Attorney Goggin billed for two hours devoted, in part, to "determin[ing] whether we have separable claim against the son who is no longer employed by the company." This was prior to the filing of the Complaint, and, thus, is inconsistent with Plaintiff's explanation for the necessity of the fee. Accordingly, the Court will disallow the hour billed by Attorney Goggin for this work.

Lastly, Defendants challenge the 15.3 hours that Plaintiff's attorneys allege to have spent preparing the original Complaint and Motion for Attachment. Defendants argue that charging this amount of time is unreasonable because both documents were almost identical to the documents filed in, and authored by the same attorneys as, the 2002 suit. Plaintiff responds that "it was the investigation and not the drafting that was the most time consuming part of preparing this case for filing."

After careful review of the documents filed and the submissions of the parties, the Court concludes that the expenditure of 15.3 hours on the drafting and filing of the Complaint and Motion for Attachment is an unreasonable expenditure. Even after considering the time necessary to review the case, update the facts, and shepardize the law, the bill produced by Plaintiff's counsel does not reflect the time and labor required. The Court determines that 2 hours billed by Attorney Goggin, and 4 hours billed by

5

Attorney Black is reasonable. Accordingly, Plaintiff may recover $1,200 for the production of these pleadings, and a total of $1,393.00 for "Case Preparation."

### 2. Motion to Dismiss

Plaintiff requests $27,931.50 for attorneys' fees relating to the opposition of Defendants' Motion to Dismiss. As Plaintiff points out, however, this category of fees also includes time spent preparing the Amended Complaint and pursuing the Motion for Attachment. Defendants challenge the reasonableness of this fee, relying primarily upon the number of attorneys involved in the matter. Plaintiff counters, asserting that the fee is reasonable in light of Defendants' invocation of an ERISA defense. The Court has reviewed the time needed for each document filed.

Review of Plaintiff's Reply to Defendants' Opposition to Motion for Attachment (Docket Item No. 21) demonstrates that little time was required for preparation of this document. The two page document consists of one paragraph noting that Defendants have not refuted the ERISA claim raised in the Amended Complaint and an additional paragraph listing cases to demonstrate that the amendment was proper (an issue that apparently was not in dispute). The Court will permit 1 hour billed by Attorney Goggin for the preparation of this document and 5 hours billed by Attorney Goggin relating to the preparation for and attendance at the hearing held on this motion. Consequently, this results in a fee of $1,500 for pursuing the Motion for Attachment.

Review of the Amended Complaint similarly discloses that little time was needed for its creation. The Amended Complaint simply added an additional count, based upon ERISA. This consisted of one paragraph re-alleging the previous allegations in the Complaint, three paragraphs identifying the specific provisions in the agreement, one

paragraph asserting that participants in a benefits plan have a right to sue under ERISA, and a paragraph asserting that, to the extent the agreement created such a plan, Plaintiff is entitled to recover under ERISA. Plaintiff's attorneys, however, billed for work on the Amended Complaint on no fewer than seven separate days.[2] This is especially surprising considering the skill and experience of Plaintiff's attorneys; as Attorney Gregg Ginn leads his firm's ERISA group, and Attorney David Coolidge is a senior associate in that same group. In light of the skill and experience of Plaintiff's counsel, the record demonstrates that little time was necessary for the work product created. The Court concludes that 2 hours billed by Attorney Coolidge and 1 hour billed by Attorney Ginn results in a reasonable fee for this work of $620.

Having addressed the work in this category not directly relating to the opposition of Defendants' Motion to Dismiss, the Court will now consider the time and skill required for the production of the remaining two documents: Plaintiff's Opposition to Motion to Dismiss (Docket Item No. 22) (hereinafter "Plaintiff's Opposition") and his Opposition to Motion to Dismiss Amended Complaint and Response to Defendants' Reply Memorandum in Support of Defendants' Motion to Dismiss (Docket Item No. 31) (hereinafter "Plaintiff's Response Memorandum").

Plaintiff's Response Memorandum consists of three parts. First, counsel argues, without citation, that the inclusion of an ERISA claim is proper and does not foreclose Plaintiff's alternative theory under state law. Next, counsel generally summarizes three arguments already presented in Plaintiff's Opposition. Finally, counsel argues that *res judicata* should bar Defendants' assertion of a pre-emption defense, relying exclusively

---

[2] Billing for work done on the Amended Complaint occurred on September 10, 13, 14, 15, 16, 19, and 20, 2004.

7

on a paragraph contained in a treatise. Plaintiff's attorneys claim to have devoted 21.8 hours to the preparation of this document. Considering the skill of Plaintiff's attorneys and the fact that all of these issues had been previously addressed in Plaintiff's Opposition, it strains reason to assert that Plaintiff's fee request reasonably reflects the time and labor required. Accordingly, the Court concludes that 7 hours billed by Attorney Black is a reasonable time attributed for this task. This results in a fee of $1,225 for this element of the claim.

The Court must now consider the production of Plaintiff's Opposition. To determine the reasonableness of the time spent, the Court will examine the work billed by each attorney.

### **Attorney Coolidge**

According to the Plaintiff, Attorney Coolidge was responsible for researching three issues relating to Defendants' ERISA arguments. One of these issues, ERISA reporting requirements, was not incorporated into Plaintiff's Opposition. Review of the billing statement provided by Plaintiff's counsel reveals only one instance of Attorney Coolidge recording time spent on this issue; an entry of 4.7 hours on September 10, 2004. Based upon this record, the Court concludes that 4.7 hours billed by Attorney Coolidge is a reasonable expenditure for this task, and Plaintiff may, therefore, recover $822.50.

Another issue assigned to Attorney Coolidge for research was whether the guarantee agreements signed by the individual Defendants were subject to ERISA. Attorney Coolidge drafted a memorandum regarding the issue, which was eventually incorporated into Plaintiff's Opposition. Plaintiff's billing statement includes one entry referencing this issue, and lists it at 4.6 hours. After carefully reviewing the record and

considering the skill of Attorney Coolidge, the Court concludes that this is a reasonable amount of time for this task.  Thus, Plaintiff may recover $805 for this work.

The final issue assigned to Attorney Coolidge for research was "preliminary" research regarding ERISA top hat plans.  Attorney Black apparently completed the work on this issue after reviewing a memorandum from Attorney Coolidge.  This decision, to assign only the preliminary research to Attorney Coolidge and the remainder to Attorney Black is somewhat odd considering Plaintiff's contention that Attorney Coolidge was needed to assist on the issue because "ERISA law is viewed as a specialty and we expected that it would take less time for [him] to analyze Defendants' arguments than it would for [Attorney Black]."  Nonetheless, review of Plaintiff's billing statement discloses only one entry for 2.3 hours by Attorney Coolidge devoted to such "preliminary" research.  The Court finds this to be a reasonable expenditure of time, and Plaintiff may recover $402.50 for this work.

Having accounted for all of the work attributed to Attorney Coolidge, one major discrepancy appears.  Plaintiff's billing statement contains numerous entries for Attorney Coolidge drafting Plaintiff's Opposition.  Plaintiff's second declaration, however, does not attribute any of the drafting of this document to Attorney Coolidge, and instead indicates that Attorney Black incorporated at least some of Attorney Coolidge's research into Plaintiff's Opposition.  Furthermore, Plaintiff's billing statement indicates that both Attorney Coolidge and Attorney Black were working on drafting the document simultaneously.  With no explanation for this, the Court must infer that the time billed by Attorney Coolidge for the drafting of Plaintiff's Opposition was duplicitous.  Accordingly, the Court will not allow for any of that time.

### Attorney Ginn

Like Attorney Coolidge, Plaintiff alleges that Attorney Ginn's assistance was sought due to the complexity of the ERISA issue. Plaintiff's billing statement indicates that Attorney Ginn was primarily responsible for reviewing the work of Attorney Coolidge and serving in an otherwise supervisory role. Considering the minimal amount of time expended by Attorney Ginn, the Court concludes that his time spent was reasonable, and will allow Plaintiff to recover for the 5.3 hours indicated in the billing statement. This results in a fee of $1,431 for this work.

### Attorney Black

Plaintiff's billing statement reflects that Attorney Black expended 39.9 hours working on Plaintiff's Opposition. This time was allegedly required for the completion of the ERISA research begun by Attorney Coolidge, research regarding Maine's unpaid wages statute, research into the application of *res judicata*, and, finally, the drafting of Plaintiff's Opposition. Plaintiff's second declaration characterizes the research regarding *res judicata* as "very time consuming." Plaintiff's billing statement indicates that Attorney Black billed for this research on five different occasions. However, despite Attorney Black's assertions that he "conducted many searches on Westlaw and analyzed many cases," all of the cases cited in Plaintiff's Opposition are found in the two treatises that Attorney Black reviewed: Moore's Federal Practice and Wright & Miller. Whatever amount of time Attorney Black may have spent on this *res judicata* research, Plaintiff has failed to demonstrate that it was spent productively or efficiently. Accordingly, the Court will reduce the 39.9 hours by approximately one-half, and award Plaintiff fees based

upon 20 hours of productive and efficient work.  The Court concludes that the resulting fee of $3,500 represents a reasonable expenditure by Attorney Black for this task.

### Attorney Goggin

Plaintiff's second declaration does not attribute to Attorney Goggin any of the work performed on Plaintiff's Opposition.  Nonetheless, Plaintiff's billing statement does indicate that Attorney Goggin served in a supervisory capacity, reviewing the work of Attorney Black and coordinating for the assignment of work to Attorneys Coolidge and Ginn.  Accordingly, the Court concludes that 2 hours is a reasonable amount of time for Attorney Goggin to have expended on this task, and will permit Plaintiff to recover $500 for this work.

### Attorneys Barbara Grady and Valerie Wright

Plaintiff's billing statement indicates that both Attorney Grady and Attorney Wright were consulted by Attorney Black regarding tangential issues that arose during the course of preparing Plaintiff's Opposition.  The combined time of these consultations total 0.8 hours.  Based upon the record, the Court concludes that the resulting fee of $113 is reasonable.

3.  **General Litigation**

Plaintiff seeks $1,573.50 in fees stemming from "[m]iscellaneous tasks in connection with litigation, such as updating client on status of case [sic], drafting scheduling order and participating in strategy sessions."  Defendants challenge 4.5 hours of this time billed by Attorney Wright for the preparation of a Motion to Amend Scheduling Order.  Defendants argue that it was unreasonable for Attorney Wright to be assigned this task as much of his time was devoted to reviewing the case materials.

11

Plaintiff has offered no explanation for why it was reasonable to assign this to task to Attorney Wright, as opposed to someone more familiar with the case, such as Attorney Black. Consequently, the Court will permit Plaintiff to recover for 2 hours billed by Attorney Wright and disallow the remaining 2.5 hours. This results in an award of $1,173.50 for reasonable attorneys' fees relating to general litigation.

### 4. Motion for Summary Judgment

Plaintiff seeks $6,172.50 in fees relating to the preparation of a Motion for Summary Judgment. Defendants object to the award of fees for this work, arguing that because the motion was never filed, the time spent working on the motion is not properly recoverable. Defendants rely on this Court's opinion in *Weinberger v. Great Northern Nekoosa Corp.*, 801 F. Supp. 804, 818 (D. Me. 1992). *Weinberger*, however, involved a "mooted case," and, thus, the recovery of attorneys' fees required Plaintiff to demonstrate a causal connection between the work performed and the benefit conferred. *Id.* at 807-08. Because Plaintiff's recovery here is based upon a contractual fee-shifting agreement, he need not demonstrate that the work performed actually caused the recovery, but rather that it was reasonable to do such work in enforcing the agreement.

Plaintiff contends that it was reasonable to begin work on the Summary Judgment Motion because the original deadline for dispositive motions was April 25, 2005. Review of Plaintiff's billing statement, however, discloses that much of the work alleged to have been performed by Plaintiff's counsel did not occur until after that deadline was extended to June 7, 2005. *See* Order Granting Motion to Extend Time (Docket Item No. 46) (entered April 1, 2005). Between April 26, 2005 and May 2, 2005, Plaintiff's attorneys' billed for 13 hours of work on the Motion. In light of the extension of the

deadline and the fact that Plaintiff's attorneys had already expended 19.5 hours towards production of the Motion, Plaintiff has failed to demonstrate that it was reasonable to perform this work at that stage of the litigation. Accordingly, the Court will disallow those 13 hours.

Turning to the remaining 19.5 hours of summary judgment work claimed by Plaintiff's attorneys, although it may have been reasonable for Plaintiff's attorneys to perform the work, the Court must determine whether the fee incurred was reasonable. While the Court is somewhat limited in its review by the fact that the motion was never filed, consideration of the issues presented in the case and the Court's previous rulings guide the Court in determining a reasonable fee under the circumstances of this case. Accordingly, the Court will permit Plaintiff's counsel to recover for 8 hours billed by Attorney Black and 2 hours billed by Attorney Goggin. This results in a fee of $2,010 for preparation of the motion.

### 5. Discovery

Plaintiff requests $7,826.50 relating to work on discovery issues. Of this $1,310 is attributed to paralegal work. As this Court has previously held, such work is not recoverable as attorneys' fees. *See Steeves*, 793 F. Supp. at 21 n.5. Defendants challenge only two other aspects of Plaintiff's fee request for this work. First, Defendants challenge 1 hour billed by Attorney Goggin in preparing a discovery plan. Based upon the record the court concludes that this fee is reasonable and will allow it. Similarly, the 2.6 hours expended by Attorney Black in preparing Plaintiff's request for production of documents is reasonable and will be allowed. Accordingly, the Court will disallow only

the portion of Plaintiff's request relating to paralegal work, and will allow Plaintiff to recover $6,516.50 for work related to discovery.

### 6. Settlement

Defendants do not contest Plaintiff's request for $3,415.00 for attorneys' fees relating to settlement negotiations. Accordingly, Plaintiff may recover the full amount of these fees.

### 7. Fee Petition

Finally, Plaintiff requests $4,508.50 relating to his fee petition.[3] The Court will disallow $1,012 relating to paralegal time, which, based upon Plaintiff's billing statement, consisted of clerical tasks properly attributable to firm overhead. As to the time spent by Attorney Black, having reviewed the fee petition and accompanying declaration, the Court concludes that 4 hours billed by Attorney Black relating to research and 6 hours billed by Attorney Black relating to drafting represents a reasonable fee for the work produced. Plaintiff may, therefore, recover $1,850 for attorneys' fees relating to this task.

### 8. Costs

Plaintiff seeks costs in the amount of $6,194.58. The Court will disallow Plaintiff's request for costs resulting from secretary overtime ($35.00) and Westlaw research ($513.68), as those costs are properly included in firm overhead. Accordingly, Plaintiff may recover $5,645.90 in costs.

---

[3] Plaintiff has requested that the Court grant him leave to supplement his fee petition to request attorneys' fees relating to Plaintiff's Reply Memorandum in Support of His Motion for Attorneys' Fees. The Court will deny this request, as Plaintiff's Reply mostly re-iterates arguments previously made in the original fee petition. To the extent that it contains any new arguments, Plaintiff could have properly raised those in the original fee petition as well.

### III.     Conclusion

It is **ORDERED** that Plaintiff's Motion for Attorneys' Fees be, and it is hereby, **GRANTED IN PART** and **DENIED IN PART**, permitting Plaintiff to recover Twenty-Seven Thousand Two Hundred Seventy-Seven Dollars ($27,277) for reasonable attorneys' fees and Five Thousand Six Hundred Forty-Five Dollars and Ninety Cents ($5,645.90) for allowable incurred costs, for a total amount of Thirty-Two Thousand Nine Hundred Twenty-Two Dollars and Ninety Cents ($32,922.90), representing the allowance of reasonable attorneys' fees and allowable costs as set forth above.

/s/Gene Carter_____
GENE CARTER
Senior United States District Judge

Dated at Portland, Maine this 20th day of January, 2006.